ALBANY,<br>Feb. 1827.<br><br>Tillinghast<br>v.<br>King.

Motion granted.

---

TILLINGHAST *against* KING.

CASE for a libel, published in the *N. Y. American.*

*J. Blunt,* for the defendant, moved to change the venue from the county of *Erie* to the city and county of *New-York,* on an affidavit that the cause of action, if any, arose in the latter county; but the affidavit did not add, " and not elsewhere out of the city and county of *New-York.*" On this ground, without proceeding to show that the libel had been dispersed in different counties; and agreeing that unless this was shewn, the action being for a tort, the venue must be changed if the affidavit was sufficient;

*Jas. Edwards,* contra, objected that it was insufficient, for want of the words, " and not elsewhere, &c."

To change the venue, in an action for a tort, on the ground that the cause of action arose in a particular county; the affidavit must state, not only that the cause of action arose there, but that it did not arise elsewhere; and this especially of an action for a newspaper libel.

*Curia.* We think so. The libel may have been, and probably was, dispersed in many counties. Such a circumstance would bring the case within *Root* v. *King,* (4 *Cowen,* 403;) and put the change of venue upon the number of witnesses. The motion must be denied, for the defect in the defendant's papers.

Motion denied.